**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 14-2004-DOC (KESx); LA CV 17-4776-DOC (KESx) | Date: December 15, 2017 |

Title: ANTHONY BASILE ET AL. V. VALEANT PHARMACEUTICAL INTERNATIONAL, INC. ET AL.
TIMBER HILL LLC V. PERSHING SQUARE CAPITAL MANAGEMENT, L.P. ET AL

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** **ORDER REQUIRING ADDITIONAL BRIEFING ON SECTION 20A DAMAGES CAP**

On December 14, 2017, the Court held a hearing regarding allocation of damages between the above-referenced *Basile* and *Timber Hill* actions. The Court determined that it would continue with two separate trials and that it would set one damages cap applicable to both actions jointly (i.e. the total damages from both actions combined cannot exceed the single cap).

However, the parties dispute the appropriate way to calculate the statutory cap under Section 20A. Defendants contend that the cap must be calculated with reference to the date on which any nonpublic material information Pershing possessed was disclosed to the public, which they claim involves a factual determination to be made by the jury. *Timber Hill* Plaintiffs claim that setting the cap is a simple legal determination that involves calculating Defendants' actual profits gained from the trades at issue in this case.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 14-2004-DOC (KES)                                   Date: December 15, 2017
                                                                                                    Page 2

      Each of the parties has had the opportunity to submit some amount of briefing on the issue of the damages cap: *Timber Hill* Plaintiffs in their Omnibus Memorandum of Points and Authorities regarding allocation of damages (Case No. 17-4776, Dkt. 69), and Defendants and *Basile* Plaintiffs in their summary judgment briefing (Case No. 14-2004, Dkts. 394, 514, 548-5). However, the Court wishes to provide each party a full and equal opportunity to submit briefing on this issue, both to protect parties' due process rights and to ensure the Court has the full benefit of the parties' arguments before it makes a decision.

      Accordingly, the Court orders the *Timber Hill* Plaintiffs, *Basile* Plaintiffs, and Defendants each to submit briefing no longer than **ten** pages regarding the proper *method* of calculating the statutory cap under Section 20A.[1] The Court is particularly interested in legal precedent or statutory construction arguments regarding the Section 20A cap specifically, not damages generally. The parties are free to argue any position with regard to calculation of the cap, even if different from a position they have previously taken. This briefing shall be submitted no later than **8 a.m. PST on December 21, 2017.**

      The Court will address the allocation of damages under the cap at a later time, and will give Plaintiffs from both actions an opportunity to be heard again on this issue. However, the Court notes that the "profits" method of allocation presented at the hearing, which would limit the *Basile* Plaintiffs to Defendants' profits from limited trading on just two days, seems to directly contradict or undermine the Court's finding that Pershing "caused" Nomura to purchase Allergan common stock during the *Basile* class period and that *Basile* Plaintiffs and Defendants traded securities of the "same class."

      The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                      Initials of Deputy Clerk
CIVIL-GEN

---

[1] For example, if Defendants continue to argue that the cap must be set with reference to the date on which MNPI became public, they should provide legal support for that method, but need not rehash their factual arguments about what the proper date actually is. Similarly, if *Timber Hill* Plaintiffs still believe the cap simply involves calculating Defendants' profits, they should provide legal support for that method, but need not provide evidence or discussion of Defendant's profits and what the total dollar amount of the cap would be in this case using their method. The Court is interested at this time in determining the threshold issue of the proper method for calculating the cap, and thus resolving the issue of whether setting the cap requires a jury determination.