MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
STEVEN G. SKLAVER (237612)
ssklaver@susmangodfrey.com
KRYSTA K. PACHMAN (280951)
kpachman@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

ANDREW J. ENTWISTLE *(Pro Hac Vice)*
aentwistle@entwistle-law.com
VINCENT R. CAPPUCCI *(Pro Hac Vice)*
vcappucci@entwistle-law.com
ARTHUR V. NEALON *(Pro Hac Vice)*
anealon@entwistle-law.com
ROBERT N. CAPPUCCI *(Pro Hac Vice)*
rcappucci@entwistle-law.com
ENTWISTLE & CAPPUCCI LLP
299 Park Avenue, 20th Floor
New York, NY 10171
Telephone: (212) 894-7200
Facsimile: (212) 894-7272

[Additional Counsel for Plaintiff on Signature Page]

*Attorneys for Plaintiff Timber Hill LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| IN RE ALLERGAN, INC. PROXY VIOLATION DERIVATIVES LITIGATION | Case No. 2:17-cv-04776 DOC (KESx) |
| | The Hon. David O. Carter |
| | CLASS ACTION |
| | **STIPULATION AND AGREEMENT OF SETTLEMENT** |

Subject to the approval of the Court and pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Stipulation and Agreement of Settlement ("this Stipulation") is made and entered into between and among (a) Timber Hill LLC ("Timber Hill"), both individually and on behalf of the Class (as defined below), and (b) Defendants Pershing Square Capital Management, L.P., PS Management GP, LLC, William Ackman, PS Fund 1, LLC, Pershing Square, L.P., Pershing Square II, L.P., Pershing Square GP, LLC, Pershing Square Holdings, Ltd., Pershing Square International, Ltd., Michael Pearson, Valeant Pharmaceuticals International, and Valeant Pharmaceuticals International, Inc. (collectively, "Defendants"), by and through their respective duly authorized counsel.

This Settlement is intended by Timber Hill and Defendants to fully and finally compromise, resolve, discharge, release and settle the Settled Claims, as defined herein, and to dismiss the Action with prejudice, subject to the terms and conditions set forth below and without any admission or concession as to the merit or lack of merit of any claim or defense by Timber Hill or Defendants.

**WHEREAS:**

A.    All words or terms used herein that are capitalized shall have the meaning ascribed to those words or terms as set forth herein in the section entitled "Definitions."   On June 28, 2017, a securities class action complaint, captioned *Timber Hill LLC v. Pershing Square Capital Management, L.P., et al*., (the "Action"), was filed in the United States District Court for the Central District of California (the "Court") on behalf of all persons or entities that sold Allergan call options, purchased Allergan put options and/or sold Allergan equity forward contracts from February 25, 2014 through April 21, 2014, inclusive.  Timber Hill alleged that Defendants violated the federal securities laws through their illicit insider trading and front-running scheme that financially damaged Timber Hill and similarly situated investors by artificially deflating the value of the underlying

security and the options and equity forwards traded by Timber Hill and the members of the Class.

B.    Timber Hill's allegations are also the subject of another related action, *In re Allergan, Inc. Proxy Violation Securities Litigation*, Case No. 8:14-cv-2004-DOC (KESx) ("the Common Stock Class Action"), filed in this District on December 16, 2014. In that action, on March 15, 2017, the Court issued an order ("Class Certification Order") certifying a class (the "Common Stock Class") consisting of:  "All persons who sold Allergan common stock contemporaneously with purchases of Allergan common stock made or caused by Defendants during the period February 25, 2014 through April 21, 2014, inclusive and were damaged thereby."

C.    In certifying the Common Stock Class, the Court also denied Defendants' separate motion to dismiss for failure to join necessary parties under Federal Rule of Civil Procedure 19(a)(1)(B)(i). In so doing, the Court concluded that derivatives traders "can also be given notice the same time the Class members are given notice of this lawsuit meaning they will have notice and opportunity to intervene to bring their own claims before the case is resolved."

D.    On April 28, 2017, the plaintiffs in the Common Stock Class Action filed a motion seeking approval of notice to the class of the pendency of the Common Stock Class Action. On June 5, 2017, the Court issued an Order denying the plaintiffs' motion for an order approving the class notice, recognizing that "[t]he derivatives traders' potential interests seem more analogous to those of dropped class members, who may have valid claims, but whose claims will not be pursued through this litigation." The Court further noted that "the derivatives traders may have a stronger interest than absent class members, as their hypothetical claims may be essentially precluded if Plaintiffs prevail here." In this regard, the Court also held that if the plaintiffs "recover all of Defendants' gains or losses avoided that there will be nothing left for others to recover who were allegedly harmed by

2

Defendants conduct." On June 12, 2017, the plaintiffs in the Common Stock Class Action filed a motion seeking the Court's approval of a modified Notice and Summary Notice of Pendency of Class Action. On June 14, 2017, the Court issued an Order approving the plaintiffs' modified Notice and Summary Notice, finding that the notices "satisfactorily incorporate reference to the likelihood of a damages cap" pursuant to the Court's June 5, 2017 Order. Plaintiffs' approved Notice of Pendency of Class Action states:

> *IF YOU TRADED PRICE-INTERDEPENDENT DERIVATIVE SECURITIES OF ALLERGAN (I.E., DERIVATIVE SECURITIES WITH A VALUE THAT IS A FUNCTION OF OR RELATED TO THE VALUE OF ALLERGAN COMMON STOCK ("ALLERGAN DERIVATIVE SECURITIES"), YOUR TRANSACTIONS IN THOSE SECURITIES ARE NOT COVERED BY THE ACTION. THE COURT HAS NOT DETERMINED, AND THIS NOTICE DOES NOT EXPRESS ANY OPINION AS TO, WHETHER TRADING IN ALLERGAN DERIVATIVE SECURITIES GIVES RISE TO ANY CLAIMS. BUT BECAUSE DEFENDANTS' LIABILITY FOR DAMAGES IS LIKELY CAPPED AT THEIR GAINS OR LOSSES AVOIDED FROM THE SECURITIES LAW VIOLATIONS ALLEGED IN THIS ACTION, IT IS POSSIBLE THAT PLAINTIFFS WILL RECOVER THE ENTIRETY OF THE DAMAGES POOL AVAILABLE TO PERSONS ALLEGEDLY HARMED BY THE DEFENDANTS' CONDUCT. IF SO, IT IS POSSIBLE THAT THERE WILL BE NOTHING LEFT FOR OTHERS TO RECOVER FROM DEFENDANTS ON ANY SIMILAR CLAIMS AGAINST DEFENDANTS THAT THEY MAY HAVE AND THOSE CLAIMS MAY BE EFFECTIVELY PRECLUDED.*

E.     Thus, Timber Hill and other members of the Class in the present action are expressly excluded from the Common Stock Class Action.

F.     The parties in the Common Stock Class Action engaged the Hon. Layn R. Phillips, a well-respected former United States District Judge and highly experienced settlement mediator, and Gregory Lindstrom to assist them in exploring a potential negotiated resolution of the claims asserted against

Defendants.   Timber Hill subsequently became involved in the settlement negotiations with Defendants regarding the Action, and participated in negotiations assisted by both mediators.

G.   On December 28, 2018, following multiple lengthy mediation sessions with Judge Phillips, conducted in person and by telephone, Timber Hill and Defendants entered into a binding Memorandum of Understanding to settle the Action for $40 million.   Following the hearing held on January 16, 2018, the Settling Parties agreed to the settlement set forth in this Stipulation.

H.   Prior to agreeing to settle the Action, Timber Hill, through Class Counsel, conducted a thorough investigation of the claims, defenses, and underlying events and transactions that are the subject of the Action.   This investigation and Class Counsel's efforts included, among other things: (i) review and analysis of the evidence and applicable law, including the review and analysis of hundreds of thousands of pages of documents produced by plaintiffs in the Common Stock Class Action, Defendants and third parties; (ii) consultation with experts retained by Class Counsel; and (iii) engaging in motion practice.

I.   Defendants have denied and continue to deny any wrongdoing or that they committed any act or omission giving rise to any liability or violation of the law.   Defendants have denied and continue to deny each and every one of the claims alleged by Timber Hill in the Action, including all claims asserted in Timber Hill's complaint.

J.   The Stipulation (whether or not consummated), any proceeding relating to any settlement, or any of the terms of any settlement (whether or not consummated), shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of the Defendants with respect to any fact or matter alleged in the Action, or any claim of fault or liability or wrongdoing or damage whatsoever.   Defendants are entering into the Stipulation solely as a

4

compromise to eliminate the expense, inconvenience, and the distraction of further litigation.

K.      Timber Hill and Class Counsel believe that the claims asserted in the Action have merit and that the evidence developed to date supports the claims asserted.  However, Timber Hill and Class Counsel recognize and acknowledge the expense, uncertain outcome, and risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation.  Timber Hill and Class Counsel are also mindful of the inherent problems of proof and possible defenses to the claims alleged in the Action.  Based on their evaluation, Timber Hill and Class Counsel believe that the Settlement set forth in this Stipulation which confers substantial monetary and other benefits upon the Class, is in the best interest of the Class.

**NOW THEREFORE**, without any concession by Timber Hill that the Action lacks merit, and without any concession by Defendants of any liability or wrongdoing or lack of merit in their defenses,

**IT IS HEREBY STIPULATED AND AGREED**, by and among the parties to this Stipulation ("Settling Parties"), through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits to the Settling Parties and the Class, all Released Claims and all Defendants' Released Claims as against all Released Parties shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs, as set forth below:

## DEFINITIONS

1.      As used in this Agreement, the following terms shall have the meaning set forth below.  In the event of any inconsistency between any definitions set forth below and any definitions in any other document related to the Settlement, the definitions set forth below shall control.

a)    "Action" means the civil action captioned *In re Allergan, Inc. Proxy Violation Derivatives Litigation,* Case No. 2:17-cv-04776-DOC (KESx) pending in the United States District Court for the Central District of California before the Hon. David O. Carter, United States District Judge.

b)    "Authorized Claimant" means a Class Member who timely submits a valid Proof of Claim and Release form to the Claims Administrator, which is accepted for payment by the Court.

c)    "Claims Administrator" means Garden City Group, LLC, the firm to be retained by Class Counsel, subject to Court approval, to provide all notices approved by the Court to the Class, to process Proofs of Claim and to administer the Settlement.

d)    "Class" or "Derivatives Class," which shall be certified for settlement purposes only, is comprised of the following: all persons and entities who transacted in derivative securities that are price-interdependent with Allergan, Inc.'s publicly traded common stock ("Allergan Derivatives") from February 25, 2014 through April 21, 2014, inclusive (the "Class Period"), excluding the Defendants, the officers and directors of Defendants during the Class Period; members of the immediate family of the individual Defendants and of the excluded officers and directors; any entity in which any Defendant, any excluded officer or director, or any member of their immediate family has or had a controlling interest; any affiliates, parents or subsidiaries of the Defendants; and the legal representatives, agents, affiliates, heirs, successors or assigns of any of the foregoing, in their capacities as such. Also excluded from the Class is Nomura Holdings, Inc., Nomura Securities International, Inc., Nomura International plc, and their affiliates, parents, subsidiaries and successors.  Also excluded from the Class is any Person, including any Class Plaintiff, who would otherwise be a Class Member but who excludes himself, herself, or itself from the Class by submitting a

1  valid and timely request for exclusion from the Class in accordance with the

2  requirements set forth in the Notice (as defined below).

3      e)  "Class Counsel" means Marc M. Seltzer of Susman Godfrey

4  L.L.P., 1900 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067; and Andrew

5  Entwistle of Entwistle & Cappucci, LLP, 299 Park Avenue, 20th Floor, New York,

6  NY 10171.

7      f)  "Class Member" means each member of the Class who does not

8  timely and validly request to be excluded from the Class in accordance with the

9  requirements set forth in the Notice (as defined below).

10      g)  "Class Plaintiff" or "Timber Hill" means Timber Hill LLC.

11      h)  "Court" means the United States District Court for the Central

12  District of California.

13      i)  "Defendants" means Pershing Square Capital Management,

14  L.P., PS Management GP, LLC, William Ackman, PS Fund 1, LLC, Pershing

15  Square, L.P., Pershing Square II, L.P., Pershing Square GP, LLC, Pershing Square

16  Holdings, Ltd., Pershing Square International, Ltd., Michael Pearson, Valeant

17  Pharmaceuticals International, and Valeant Pharmaceuticals International, Inc.

18      j)  "Defendants' Counsel" means the law firms of Kirkland & Ellis

19  LLP, Hueston Hennigan LLP, and Kramer Levin Naftalis & Frankel LLP.

20      k)  "Defendants' Released Claims" means all claims, rights,

21  demands, and causes of action of every nature and description, including both

22  known claims and Unknown Claims (as defined below), whether arising under

23  federal, state, common or foreign law, that Defendants could have asserted against

24  any of the Plaintiffs' Released Parties that arise out of or relate in any way to the

25  institution, prosecution, or settlement of the claims in the Action against the

26  Defendants.  This release does not include any claims that are not related to those

27  asserted in the Action.  Defendants' Released Claims also do not include any claim

28  relating to the enforcement of the Settlement.

7

l)      "Defendants' Released Parties" means Defendants, Defendants' Counsel, and each of their respective past or present subsidiaries, parents, affiliates, principals, successors and predecessors, assigns, officers, directors, shareholders, limited partners, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, auditors, and insurers; entities in which any Defendant has a controlling interest and any of the legal representatives, successors in interest or assigns of the Defendants.

m)      **"Defendants' Releasing Parties" means Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessor, successors, and assigns.

n)      "Distribution Order" means an order of the Court approving the Claims Administrator's determinations concerning the acceptance and rejection of the claims submitted and approving any fees and expenses not previously paid, including the fees and expenses of the Claims Administrator and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to the Authorized Claimants.

o)      "Effective Date" means the date on which Final Approval has been obtained in this Action, as set forth in ¶ 38 below.

p)      "Escrow Account" means the separate escrow account designated and controlled by Class Counsel at one or more national banking institutions into which the Settlement Amount will be deposited for the benefit of the Class pursuant to the Stipulation.

q)      "Escrow Agent" means City National Bank or other institution as designated by Class Counsel.

r)      "Execution Date" means the date the Stipulation shall be deemed to have been made and entered into, namely, January 16, 2018.

s)      "Final," with respect to a court order (including the "Judgment," as defined below) means the later of: (i) if there is an appeal from a court order, the

date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration or a petition for a writ of certiorari and, if certiorari is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on certiorari to review the order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for certiorari from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension) if any appeal or review is not sought. It is agreed that neither the provisions of Rule 60 of the Federal Rules of Civil Procedure nor the All Writs Act, 28 U.S.C. § 1651, shall be taken into account in determining the above-stated times. It is further agreed that any appeal or proceeding seeking judicial review pertaining solely to the Plan of Allocation of the Settlement Fund, or to the Court's award of attorneys' fees or expenses, shall not in any way delay or affect the time set forth above for the Judgment, or otherwise preclude the Judgment from, becoming Final.

t)   "Judgment" means the judgment entered by the Court approving the Settlement (in substantially the form of Exhibit 1 attached hereto).

u)   "Mediator" means the Hon. Layn R. Phillips, United States Magistrate Judge (Retired) and Phillips ADR.

v)   "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court.

w)   "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to the Class; (ii)

receiving and reviewing claims; (iii) administering the Plan of Allocation; (iv) communicating with Class members and other Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

x)    "Notice" means the Notice of Proposed Settlement and Motion for Attorneys' Fees and Expenses to be disseminated to the Class (in substantially the forms of Exhibit A and B to Exhibit 2 attached hereto).

y)    "Opt-Out Value" is a calculated value based upon a formula set out in the Side Letter.

z)    "Person" or "Persons" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

aa)    "Plaintiffs' Released Parties" means each and every Class Member, Class Plaintiff, and Class Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.  Plaintiffs' Released Parties do not include any Person who timely and validly seeks exclusion from the Class.

bb)    Plaintiffs' Releasing Parties" means Timber Hill and each and every other Class Member on behalf of themselves and each of their respective

10

1   heirs, spouses, immediate family members, executors, trusts, trustees,
2   representatives, administrators, predecessors, successors, and assigns.

3        cc)   "Preliminary Approval Order" means the proposed Order
4   Granting Preliminary Approval of Class Action Settlement, Approving Form and
5   Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement
6   (in substantially the form of Exhibit 3 attached hereto).

7        dd)   "Proof of Claim" means the Proof of Claim and Release form
8   for submitting a claim (in substantially the form of Exhibit C to Exhibit 2 attached
9   hereto).

10        ee)   "Prospective Class Member" means any member of the
11   settlement class.

12        ff)   "Released Claims" means any and all claims, rights, demands,
13   and causes of action of every nature and description, including both known claims
14   and Unknown Claims (as defined below), whether arising under federal, state or
15   common law, whether class or individual in nature, that Timber Hill or any other
16   Class Member: (i) asserted in the Action, or (ii) could have asserted in any forum
17   that arise out of or are based upon the acts, facts, statements, or omissions involved,
18   set forth or referred to in the Timber Hill's complaint filed in the Action and that
19   relate to any transactions in Allergan Derivatives during the Class Period. For
20   avoidance of doubt, this Stipulation shall not release any claims that relate to the
21   sale of Allergan Inc. common stock during the Class Period, including any claims
22   asserted in the Action. Upon the Settlement becoming effective, Defendants'
23   Released Parties shall be deemed released by Plaintiff, all other members of the
24   Derivatives Class, and their counsel from any claims related to the institution,
25   prosecution and settlement of this Action.

26        gg)   "Released Parties" means the Defendants' Released Parties and
27   the Plaintiffs' Released Parties.

28

11

hh)    "Releasing Parties" means the Defendants' Releasing Parties and the Plaintiffs' Releasing Parties.

ii)    "Settlement" means the resolution of the action in accordance with the terms and provisions of the Stipulation.

jj)    "Settlement Amount" means the total principal amount of $40,000,000.00 in cash.

kk)    "Settlement Fund" means the Settlement Amount and any and all interest earned thereon.

ll)    "Settlement Hearing" means the hearing to be held by the Court to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved.

mm)    "Settling Party" or "Settling Parties" means Timber Hill and Defendants.

nn)    "Side Letter" means the letter between Class Counsel and Defense Counsel (which shall be filed with the Court under seal upon request) setting out the formula for calculating the Opt-Out Value and a threshold value at which Defendants may exercise an option to terminate the Settlement.

oo)    "Stipulation" means this Stipulation and Agreement of Settlement.

pp)    "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and reasonable expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties, and the reasonable expenses of tax attorneys and accountants).

qq)    "Unknown Claims" means any and all Released Claims against the Released Parties which Releasing Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, and the Settling Defendants' Claims against Releasing Parties which Released Parties do not know or suspect to exist in

his, her, or its favor as of the Effective Date, which if known by the Releasing Parties or Released Parties might have affected his, her, or its decision(s) with respect to the settlement. With respect to any and all Released Claims and Settling Defendants' Claims, the Parties stipulate and agree that by operation of the Final Judgment and Order of Dismissal, upon the Effective Date, Releasing Parties and Released Parties shall have expressly waived, and each Class Member shall be deemed to have waived, and by operation of the Final Judgment and Order of Dismissal shall have expressly waived, the provisions, rights and benefits of California Civil Code § 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

and any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542.

The Releasing Parties and Released Parties may hereafter discover facts other than or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims and Settling Defendants' Claims. Nevertheless, Timber Hill and the Released Parties shall expressly, fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released, any and all Released Claims and Settling Defendants' Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or

additional facts. Timber Hill and the Released Parties acknowledge, and Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Settling Defendants' Claims was separately bargained for and was a key element of the Agreement.

## SCOPE AND EFFECT OF SETTLEMENT AND RELEASES

2.     The obligations incurred pursuant to this Agreement are in full and final disposition of the claims in the Action with respect to the Released Parties and any and all Released Claims and Defendants' Released Claims, and are subject to the conditions subsequent contained in ¶ 38 below.

3.     By operation of the Judgment, Plaintiffs' Releasing Parties shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Defendants' Released Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Defendants' Released Parties, subject only to the occurrence of the Effective Date.

4.     By operation of the Judgment, Defendants' Releasing Parties shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Defendants' Released Claims against each and every one of the Plaintiffs' Released Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Defendants' Released Claims against any and all of the Plaintiffs' Released Parties, subject only to the occurrence of the Effective Date.

## THE SETTLEMENT CONSIDERATION

5.     In full settlement of the claims asserted in the Action against the Defendants and in consideration of the releases specified in ¶¶ 3 and 4 above, all of which the Settling Parties agree are good and valuable consideration, Defendants

have paid or caused to be paid the Settlement Amount of $40,000,000.00 into the Escrow Account.

6.      As of the time that the Settlement Amount is deposited into the Escrow Account, Defendants shall no longer have any right, title or interest in or to the sums held in the Escrow Account except for a contingent interest in the event that the Effective Date does not occur.

7.      Upon the entry of the Judgment and the payment of the Settlement Amount in accordance with ¶ 5 above, all material obligations of Timber Hill, on the one hand, and the Defendants, on the other hand, to each other shall be deemed performed.  Any further effort or responsibility pursuant to the Settlement to defend against any appeal or proceeding seeking judicial review of the Judgment shall not render this Settlement executory as that term is interpreted to mean under 11 U.S.C. § 365.

8.      With the sole exception of Defendants' obligation to pay or cause payment of the Settlement Amount into the Escrow Account as provided in ¶ 5 above, Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (a) any act, omission, or determination by Class Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management, investment, or distribution of the Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (e) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (f) the payment or withholding of any Taxes, expenses, or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local tax returns.

9.      Other than the obligation of Defendants to cause the payment of the Settlement Amount pursuant to ¶ 5 above, Defendants shall have no obligation to

15

1  make any other payments into the Escrow Account or to any Class Member or any

2  other person or entity pursuant to this Stipulation.

3  **USE AND TAX TREATMENT OF SETTLEMENT FUND**

4  10.   The Settlement Fund shall be used: (a) to pay any Taxes; (b) to pay

5  Notice and Administration Expenses; (c) to pay any attorneys' fees and expenses

6  awarded by the Court; (d) to pay any other fees and expenses awarded by the Court;

7  and (e) to pay the claims of Authorized Claimants.

8  11.   The Net Settlement Fund shall be distributed to Authorized Claimants

9  as provided in ¶¶ 20-24 hereof.   The Net Settlement Fund shall remain in the

10  Escrow Account prior to the Effective Date.  All funds held in the Escrow Account

11  and all earnings thereon, shall be deemed to be *in custodia legis* of the Court and

12  shall remain subject to the jurisdiction of the Court until such time as the funds

13  shall have been disbursed or returned, pursuant to the terms of this Stipulation, or

14  further order of the Court.  The Escrow Agent shall invest funds in the Escrow

15  Account in instruments backed by the full faith and credit of the United States

16  Government (or a mutual fund invested solely in such instruments), or deposit some

17  or all of the funds in non-interest-bearing transaction accounts that are fully insured

18  by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to

19  the limit of FDIC insurance.  Defendants and Defendants' Counsel shall have no

20  responsibility for, interest in, or liability whatsoever with respect to investment

21  decisions executed by the Escrow Agent.  All risks related to the investment of the

22  Settlement Fund shall be borne solely by the Settlement Fund.

23  12.   After the Settlement Amount has been paid into the Escrow Account,

24  the parties hereto agree that the Settlement Fund is intended to be a Qualified

25  Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and shall

26  be treated as a Qualified Settlement Fund from the earliest date possible, and agree

27  to any relation-back election required to treat the Escrow Accounts as a Qualified

28

Settlement Fund from the earliest date possible. Defendants' Counsel agree to provide promptly to the Escrow Agents the statement described in Treasury Regulation § 1.468B-3(e).

13. All Taxes resulting from the tax liabilities of the Settlement Fund shall be paid solely out of the Settlement Fund. In all events, Defendants and Defendants' Counsel shall have no liability or responsibility whatsoever for such Taxes or the filing of any tax return or other document with the Internal Revenue Service or any other state or local taxing authority. In the event any Taxes, interest or penalties, of any kind whatsoever, including, but not limited to, any Taxes payable by reason of indemnification or with respect to any tax filings the Settlement Fund makes or is obligated to make, are owed by any of the Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund. Neither the Settlement Fund nor the Defendants shall be responsible for any taxes owed by Timber Hill or any Class members as a result of any distributions to them out of the Settlement Fund.

## ATTORNEYS' FEES AND EXPENSES

14. Class Counsel will apply to the Court for an award from the Settlement Fund of attorneys' fees and payment of litigation expenses incurred in prosecuting the Action, plus any earning on such amounts at the same rate and for the same periods as earned by the Settlement Fund ("Fee and Expense Application").

15. The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court. Any attorneys' fees and expenses awarded by the Court shall be paid from the Settlement Fund to Class Counsel immediately after entry of the Order awarding such attorneys' fees and expenses by the Court, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.

16.     Any payment of attorneys' fees and litigation expenses pursuant to ¶ 15 above shall be subject to Class Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same net rate as if earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees or litigation expenses is reduced or reversed by a Final non-appealable court order.  Class Counsel shall make the appropriate refund or repayment in full no later than fifteen (15) calendar days after receiving notice from a court of appropriate jurisdiction of the termination of the Settlement or notice of any reduction or reversal of the award of attorneys' fees or litigation expenses by a Final non-appealable court order.

17.     With the sole exception of Defendants' obligation to pay the Settlement Amount into the Escrow Account as provided for in ¶ 5 above, Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Class Counsel in the Action that may occur at any time.

18.     Defendants shall have no responsibility for and no liability whatsoever with respect to any allocation of any attorneys' fees or expenses among Class Counsel in the Action, or any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

19.     Defendants shall have no responsibility for and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of the Class Members, whether or not paid from the Escrow Account.  The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and are separate from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation.  Any order or proceeding

relating to any Fee and Expense Application, including an award of attorneys' fees, costs, or expenses in an amount less than the amount requested by Class Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation or Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement set forth herein, including, but not limited to, the release, discharge, and relinquishment of the Released Claims against the Defendants' Released Parties, or any other orders entered pursuant to the Stipulation.  Timber Hill and Class Counsel may not cancel or terminate the Stipulation or the Settlement based on the Court's or any appellate court's ruling with respect to attorneys' fees and expenses in the Action.

### DISTRIBUTION TO AUTHORIZED CLAIMANTS

20.   Class Counsel will apply to the Court for a Distribution Order, on notice to Defendants' Counsel, approving the Claims Administrator's determinations concerning the acceptance and rejection of the claims submitted herein, and, if the Effective Date has occurred, directing the payment of the Net Settlement Fund to Authorized Claimants.

21.   The Claims Administrator shall administer the Settlement under Class Counsel's supervision in accordance with the terms of this Stipulation and subject to the jurisdiction of the Court.   Except as stated in ¶ 5, Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability to the Class in connection with such administration.

22.   The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss, as defined in the Plan of Allocation of Net Settlement Fund (the "Plan of Allocation") included in the Notice, or in such other plan of allocation as

the Court may approve.

23.    Defendants have no role in the development of, and will take no position with respect to, the Plan of Allocation.  The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.  Timber Hill and Class Counsel may not cancel or terminate the Stipulation or the Settlement based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the action. Defendants shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

24.    If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Class Counsel shall, if feasible and economical, reallocate such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion ("Additional Distribution").  Any balance that still remains in the Net Settlement Fund, after the distribution and Additional Distribution of the Net Settlement Fund, shall be contributed to non-sectarian, not-for-profit charitable organizations serving the public interest and reasonably related to the goals of the Action, as designated by Timber Hill and approved by the Court, or may, without further order of the Court, be escheated pursuant to appropriate unclaimed property law.

## ADMINISTRATION OF THE SETTLEMENT

25.    Any Class Member who fails timely to submit a valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Settlement Fund, except as otherwise ordered by the Court, but will otherwise be bound by all of the

terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and all releases provided for herein, and will be barred from bringing any action against the Defendants' Released Parties concerning the Released Claims.

26.    The following procedures shall apply to regarding requests for exclusion from the Class and the Settlement:

a)    To be excluded from the Class, Class Members must send a signed letter by mail stating that they request to be "excluded from the Class in *In re Allergan Proxy Violation Derivatives Litigation*., Case No. 2:17-cv-04776 DOC (KESx)." In addition, they must include their name, address, telephone number and signature. The letter must also include, for each transaction in Allergan Derivatives from February 25 to April 21, 2014: (1) the date of the transaction; (2) the transaction symbol; (3) the type of derivative (e.g., put or call option, equity forward, etc.); (4) the expiration date; (5) the exercise price; (6) whether the transaction was a purchase or a sale; (7) the number of units; and (8) the price paid. The form of Notice shall also include directions to permit Class Members to obtain an exclusion form from www.allerganderivativessettlement.com, in substantially the form of Exhibit D to Exhibit 2, attached hereto, that Class Members seeking exclusion can use to submit this information. Exclusion requests must be mailed so that they are received no later than _____, to: In re Allergan Proxy Violation Derivatives Litigation, c/o GCG, PO Box 10371, Dublin, OH 43017-5571 You cannot exclude yourself by telephone or by email. Exclusion requests must comply with these requirements in order to be valid.

b)    The Notice shall direct any member of the Class who seeks exclusion from the Class and the Settlement to provide the information to Class Counsel before the end of the opt-out period established by the Court.

c)     Within ten (5) business days of the conclusion of the opt-out period established by the Court, Class Counsel will provide copies of any notices of exclusion to Defendants' Counsel by email.

d)     Defendants will calculate the Opt-Out Value of the excluded claims based upon the information in the notices of exclusion and provide the results of that calculation to Class Counsel.

e)     If the Opt-Out Value of the excluded claims exceeds the threshold Opt-Out Value stated in the Side Letter, Class Counsel shall have thirty (30) days to solicit retractions from the members of the Class who sought exclusion.

f)     If, following the running of the 30-day period in ¶ 26(e), the Opt-Out Value of the unretracted claims of the excluded members of the Class exceeds the threshold value set forth in the Side Letter, Defendants, at their sole option, may terminate the Settlement.

27.     Class Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator.  Class Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Class Counsel deems to be *de minimis* or formal or technical defects in any Proof of Claim submitted.  Defendants and their counsel shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging of claims of Class Members.  Timber Hill and Class Counsel may not cancel or terminate the Stipulation or the Settlement based on the Claims Administrator's, the Court's, or any appellate court's decision with respect to any Proof of Claim or any other claim by any Class Members to any portion of the Settlement Fund.

28.     For purposes of determining the extent, if any, to which a Class Member shall be treated as an Authorized Claimant, the following conditions shall apply:

a)     Each Class Member shall be required to submit a Proof of Claim, supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Class Counsel, in their discretion, may deem acceptable;

b)     All Proofs of Claim must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Class Counsel in their discretion, or by order of the Court. Any Class Member who fails to submit a Proof of Claim by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by order of the Court or the discretion of Class Counsel, late-filed Proofs of Claim are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and all releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind asserting any Released Claims against any Defendants' Released Parties. Provided that it is received before the motion for the Distribution Order is filed, a Proof of Claim shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

c)     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Class Counsel, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the Court;

d)     Proofs of Claim that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted.  The Claims Administrator, under supervision of Class Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below;

e)     If any claimant whose claim has been rejected in whole or in part for a curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court; and

f)     The determinations of the Claims Administrator accepting or rejecting disputed claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Distribution Order.

29.     Each claimant who submits a Proof of Claim shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including, but not limited to, all releases provided for herein and in the Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Class Member and the validity and amount of the

claimant's claim.  In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Action or the Settlement.

30.   Payment pursuant to the Distribution Order shall be deemed final and conclusive against any and all Class Members.  All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein and therein, and will be barred from bringing any action against the Defendants' Released Parties concerning the Released Claims.

31.   All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.

32.   No Person shall have any claim of any kind against the Defendants' Released Parties or Defendants' Counsel with respect to the matters set forth in this section or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

33.   No Person shall have any claim against Timber Hill, Class Counsel, the Claims Administrator, or other agent designated by Class Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further orders of the Court.

## **ADMINISTRATION EXPENSES**

34.   Except as otherwise provided herein, the Settlement Fund shall be held in the Escrow Account until the Effective Date.

35.     Prior to the Effective Date, without further approval from Defendants or further order of the Court, Class Counsel may pay out of the Settlement Fund Notice and Administration Expenses actually incurred in an amount not to exceed $250,000.  Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of Defendants or further order of the Court.  After the Effective Date, Notice and Administration Expenses may be paid as incurred without approval of the Defendants or further order of the Court.  If for any reason, the Settlement fails to become effective in accordance with the terms of this Stipulation, Class Plaintiff and Class Counsel shall not be liable to repay any costs or expenses that have been paid or incurred for Notice and Administrative Expenses up to such amount.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

36.     Concurrently with their application for preliminary approval by the Court of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, and no later than thirty (30) calendar days after the execution of the Stipulation, Class Counsel and Defendants' Counsel shall jointly apply to the Court for entry of the Preliminary Approval Order (in the form of Exhibit 3 attached hereto).  The Preliminary Approval Order will, *inter alia*, certify the Derivatives Class, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Class.

## TERMS OF THE JUDGMENT

37.     If the Settlement contemplated by this Stipulation is approved by the Court, Class Counsel and Defendants' Counsel shall jointly request that the Court enter a Judgment (in substantially the form of Exhibit 1 attached hereto).  The Judgment shall, among other things, enjoin all Persons who validly and timely elect to be excluded from the Class from instituting any class action or representative action against Defendants asserting the Released Claims; this does not prevent any

such Person from maintaining an individual action asserting the Released Claims.

## EFFECTIVE DATE OF SETTLEMENT

38.     The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been expressly waived:

    a)     entry of the Preliminary Approval Order;

    b)     payment of the Settlement Amount into the Escrow Account;

    c)     approval by the Court of the Settlement, following certification of the Derivatives Class for settlement, notice to the Class, and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

    d)     the Judgment in substantially the form of Exhibit 1 attached hereto will have been entered by the Court and will have become Final.

## TERMINATION

39.     Any dispute among the Settling Parties concerning the interpretation or application of this section entitled Termination shall be presented to the Court for resolution upon the application of any party hereto, subject to the confidentiality provisions in ¶ 46.

40.     In addition to all of the rights and remedies that Defendants have under the terms of this Stipulation, Defendants shall also have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to Class Counsel within thirty (30) calendar days of: (a) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's Final refusal to approve this Stipulation or any material part of it; (c) the Court's Final refusal to enter the Judgment in any material respect; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals or the Supreme Court of the United States; or (e) after the completion of the procedures in ¶ 26, the actual Opt-Out Value for the excluded members of the

Class exceeds the threshold Opt-Out Value set forth in the Side Letter and Defendants elect to exercise their option to terminate the Settlement.

41.    If, before the Settlement becomes Final, a trustee, receiver, conservator, assignee in an assignment for benefit of creditors, or other fiduciary is appointed under Title 11 of the United States Code (the "Bankruptcy Code"), or any similar state or federal law involving Defendants or any other party to the extent any such party has or is deemed to have actually contributed, directly or indirectly, to the payment of the Settlement Amount and a Final Order of a court of competent jurisdiction determines that the transfer of all or any portion of the Settlement Amount by or on behalf of Defendants or any other such party is a preference, avoidable transfer, fraudulent transfer, or similar transaction and all or any portion of the Settlement Amount is required to be returned, and such amount is not deposited into the Settlement Fund within thirty (30) days from another source, then, Class Counsel may, but is not required to, move the Court to vacate and set aside the Stipulation and the Judgment entered, and, subject to Section 362 of the United States Bankruptcy Code to the extent it is relevant or applicable, the Defendants shall not oppose such a motion.  Upon the vacation or setting aside of the Stipulation and Judgment, the Settling Parties shall be restored to their positions immediately prior to the Execution Date and, as applicable to the extent permitted by law, may continue the Action or assert one or more claims for the entire amount claimed in the Action against the Defendants. Defendants agree to notify Class Counsel whether and to what extent any portion of the Settlement Amount is funded by insurance immediately upon becoming aware of any such payment by any insurance carrier, whether directly or indirectly.

42.    In the event the Settlement is terminated or fails to become effective for any reason, the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the parties shall be deemed to have reverted to their respective litigation positions in the Action

1  immediately prior to the Execution Date and the parties in the Action shall proceed

2  in all respects as if this Stipulation and any related order had not been entered.

3      43.   In the event the Settlement is terminated or fails to become effective

4  for any reason, unless otherwise agreed in writing signed by all affected Settling

5  Parties, within five (5) business days after joint written notification of termination

6  is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the

7  Settlement Fund (including accrued interest thereon, and change in value as a result

8  of the investment of the Settlement Fund, and any funds received by Lead Counsel

9  consistent with ¶ 15 above), less any Notice and Administration Costs actually

10  incurred, paid or payable and less any Taxes paid, due or owing, shall be refunded

11  by the Escrow Agent to Defendants (or such other persons or entities as Defendants

12  may direct).  In the event that the funds received by Lead Counsel consistent with

13  ¶ 15 above have not been refunded to the Settlement Fund within the five (5)

14  business days specified in this paragraph, those funds shall be refunded by the

15  Escrow Agent to Defendants (or such other persons or entities as Defendants may

16  direct) immediately upon their deposit into the Escrow Account consistent with

17  ¶ 15 above. At the request of Defendants, the Escrow Agent or their designees shall

18  apply for any tax refund owed on the amounts in the Escrow Account and pay the

19  proceeds, after any deduction of any fees or expenses incurred in connection with

20  such applications, for refund to the applicable funder or as otherwise directed.

21  **NO ADMISSION**

22      44.   Except as set forth in ¶ 45 below, this Stipulation, whether or not

23  consummated, and whether or not approved by the Court, and any discussion,

24  negotiation, proceeding, or agreement relating to the Stipulation, the Settlement,

25  and any matter arising in connection with settlement discussions or negotiations,

26  proceedings, or agreements, shall not be offered or received against or to the

27

28

29

prejudice of the Settling Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

        a)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by the Defendants with respect to the truth of any allegation by Timber Hill and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including, but not limited to, the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

        b)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Defendants, or against or to the prejudice of Plaintiff or any other member of the Class as evidence of any infirmity in the claims of Timber Hill or any Class Members;

        c)     do not constitute, and shall not be offered or received against or to the prejudice of the Defendants, Timber Hill, any Class Members, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Timber Hill, Class Members, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

        d)     do not constitute, and shall not be construed against the Defendants, Timber Hill, Class Members, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

30

e)    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Timber Hill or Class Members that any of their claims are without merit or infirm or that damages recoverable under the first amended complaint would not have exceeded the Settlement Amount.

45.   The Settling Parties, and their respective counsel, may file this Stipulation and the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy.  The Settling Parties may file this Stipulation and the Judgment in any action that may be brought to enforce the terms of this Stipulation and the Judgment.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

46.   Upon the Effective Date of the Settlement, Lead Counsel will destroy or return all discovery materials and certify that destruction to Defendants' Counsel within 30 days after the Effective Date.  Defendants' Counsel will also destroy or return all discovery materials and certify that destruction to Lead Counsel within 30 days after the Effective Date.  If the Settlement is approved, no party or counsel shall use any confidential information obtained through discovery in the Action to prosecute any further claim, on behalf of itself or any other person, company, or class, against any of the Parties.

## **MISCELLANEOUS PROVISIONS**

47.   All of the exhibits to the Stipulation, except the Plan of Allocation described in the Notice (Exhibit 2), are material and integral parts hereof and are

fully incorporated herein by reference.

48.    The Settling Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Settling Parties with respect to the Released Claims and Defendants' Released Claims. Accordingly, the Settling Parties agree not to assert in any forum that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis. The Settling Parties and their counsel agree that each has complied fully with Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the Action and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action. The Settling Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Settling Parties and their respective counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

49.    This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties hereto or their successors.

50.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

51.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction over the Settling Parties to enforce the Settlement Agreement and for the purpose of entering orders providing for awards of attorneys' fees and any expenses and implementing and enforcing the terms of this Stipulation.  Any proceeding to enforce the terms of this Stipulation shall be heard by the Court, and such a proceeding to enforce the Stipulation shall be the Settling Parties' exclusive remedy and shall be final and binding upon the Settling Parties.

52.     The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other prior, concurrent or subsequent breach of this Stipulation.

53.     This Stipulation, its exhibits, and the Side Letter constitute the entire agreement among the Settling Parties concerning the Settlement as against the Defendants, and no representation, warranty, or inducement has been made by any Settling Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

54.     Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

55.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

56.     All designations and agreements made, or orders entered, during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation.

57.     The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.  Signatures sent by facsimile or via e-mail in portable document format (PDF) shall be deemed originals.

58.     The Stipulation shall be binding when signed, but the Settlement shall only be effective upon the entry of the Judgment that becomes Final and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

59.     The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

60.     The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the law of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

61.     The Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

62.     All counsel and any other person executing the Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

63.     The Settling Parties and their counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement, and for the scheduling of a hearing for consideration of final approval of the Settlement and Class Counsel's application for an award of attorneys' fees and expenses, and to promptly execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

64.     Except as otherwise provided herein, each Settling Party shall bear its own attorneys' fees and costs.

/ / /

/ / /

/ / /

/ / /

/ / /

1        IN WITNESS WHEREOF, the Settling Parties have caused the Stipulation to

2   be executed, by their duly authorized attorneys, as of January 26, 2018.

3

4   Dated: January 26, 2018          MARC M. SELTZER
                               STEVEN G. SKLAVER

5                            KRYSTA K. PACHMAN

6                            SUSMAN GODFREY L.L.P.

7                            EDGAR G. SARGENT (*Pro Hac Vice*)
                               esargent@susmangodfrey.com

8                            SUSMAN GODFREY L.L.P.
                             1201 Third Avenue, Suite 3800

9                            Seattle, Washington 98101
                             Telephone (206) 516-3880

10                          Facsimile (206) 516-3883

11                          ANDREW J. ENTWISTLE
                             VINCENT R. CAPPUCCI

12                          ARTHUR V. NEALON
                             ROBERT N. CAPPUCCI

13                          ENTWISTLE & CAPPUCCI LLP

14

15                        By:   */s/ Marc M. Seltzer*
                                 Marc M. Seltzer

16

17                        By:   */s/ Andrew Entwistle*
                                 Andrew Entwistle

18                        *Attorneys for Plaintiff Timber Hill LLC*

19

20   Dated: January 26, 2018          Mark Holscher (SBN 139582)

21                          mark.holscher@kirkland.com
                          KIRKLAND & ELLIS LLP

22                          333 South Hope Street

23                          Los Angeles, California 90071

24                          Telephone: (213) 680-8400
                          Facsimile: (213) 680-8500

25

26                        By:   */s/  Mark Holscher*
                                 Mark Holscher

27

28                        *Attorney for Pershing Square Defendants*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HUESTON HENNIGAN LLP
John C. Hueston (164921)
*jhueston@hueston.com*
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898

By:   /s/  *John C. Hueston*
      John C. Hueston

*Attorney for Valeant Defendants*

36