UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN RE ALLERGAN, INC. PROXY VIOLATION DERIVATIVES LITIGATION | Case No. 2:17-cv-04776 DOC (KESx) <br><br> The Hon. David O. Carter <br><br> <u>CLASS ACTION</u> <br><br> **ORDER GRANTING PLAINTIFF TIMBER HILL LLC'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES** |

Plaintiff Timber Hill, LLC has moved for an award of attorneys' fees, costs and expenses. The deadline for objections to the application for attorneys' fees, costs and expenses set by the Court was May 9, 2018. No objections to the settlement or Class Counsel's request for an award of attorneys' fees, costs and expenses have been made by any party or Class member. Good cause appearing therefore, the Court hereby GRANTS the motion.

## I.   ATTORNEYS' FEES

In a class action, an attorneys' fee award to class counsel must be "fair, reasonable, and adequate." *Staton v. Boeing Co.,* 327 F.3d 938, 963-64 (9th Cir. 2003). Courts usually base the fee award on a percentage of the fund recovered for the class but then cross-check the reasonableness of the percentage to be awarded by reviewing the resulting lodestar/multiplier. *Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1047 (9th Cir. 2002). The Ninth Circuit uses a 25% benchmark in common fund class actions, and "in most common fund cases, the award exceeds that benchmark," with a 30% award the norm "absent extraordinary circumstances that suggest reasons to lower or increase the percentage." *In re Omnivision Techs. Inc.,* 559 F. Supp. 2d 1036, 1047-48 (N.D. Cal. 2007) (quotation omitted).

After considering the evidence and all of the pertinent factors set forth in *Staton, Vizcaino*, and other cases, the Court finds plaintiff's fee request to be fair and reasonable under both the percentage method and the lodestar cross-check. The requested $8 million award is equal to 20% of the $40 million Settlement Fund. This amount is fair and reasonable.

The reasonableness of this fee is confirmed by the lodestar cross-check. Plaintiff's counsel's combined attorneys' fee lodestar totals $4,524,751.50. The Court finds that the hours and hourly rates of plaintiff's counsel that resulted in that lodestar are fair and reasonable. The $8 million award results in a multiplier of 1.77 of that combined lodestar which is well within the range of reasonableness. *See Vizcaino*, 290 F.3d at 1052-54 (approving 28% fee that resulted in a 3.65 multiplier);

1

*Milliron v. T-Mobile USA*, 423 F. App'x 131, 135 (3d Cir. 2011) ("we have approved a multiplier of 2.99 in a relatively simple case"); *In re Cadence Design Sys., Inc. Sec. & Derivative Litig.,* No. C–08–4966 SC, 2012 WL 1414092, at *5 (N.D. Cal. April 23, 2012) (awarding counsel "more than 2.88 times its lodestar amount"); *Been v. O.K. Industries, Inc.,* No. CIV-02-285-RAW, 2011 WL 4478766, at *11 (E.D. Okla. 2011) (citing a study "reporting average multiplier of 3.89 in survey of 1,120 class action cases" and finding that a multiplier of 2.43% would be "per se reasonable"). Accordingly, Class Counsel's request for an $8 million fee award, calculated as 20% of the Settlement Fund, is GRANTED.

## II.   EXPENSES

Class Counsel are entitled to recover their "out-of-pocket expenses that would normally be charged to a fee paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994). Class Counsel have submitted adequate support for the $756,983.55 in costs and expenses they incurred for which reimbursement is sought. No party has objected to reimbursement of any of these costs and expenses. The court finds that the costs and expenses were reasonably incurred and they are approved as fair and reasonable. Therefore, the motion for reimbursement is GRANTED.

## III.   CONCLUSION

In view of the foregoing, the Escrow Agent is AUTHORIZED and DIRECTED to pay forthwith the following amounts from the Settlement Fund:

    A.    $8 million for attorneys' fees to Class Counsel;

    B.    $756,983.55 in costs and expenses to Class Counsel;

    C.    The fees and expense award shall include interest thereon at the same rate as earned by the Settlement Fund.

These amounts shall be paid to a bank account designated by Susman Godfrey L.L.P. and Entwistle & Cappucci LLP. Susman Godfrey L.L.P. shall be responsible for the distribution of all funds to the appropriate parties.

The Court shall retain continuing jurisdiction over the Settlement Fund and the foregoing parties and counsel for purposes of supervising such distributions.

IT IS SO ORDERED.

Dated: <u>August 13</u>, 2018

*David O. Carter*

David O. Carter
UNITED STATES DISTRICT JUDGE