

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN RE ALLERGAN, INC. PROXY VIOLATION DERIVATIVES LITIGATION | Case No.  2:17-cv-04776 DOC (KESx) |
| | The Hon. David O. Carter |
| | <u>CLASS ACTION</u> |
| | **ORDER APPROVING  PLAN OF ALLOCATION** |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Timber Hill, LLC ("Timber Hill") has moved for an order approving the proposed Plan of Allocation as described in the Notice to the Class.  The deadline for objection to its proposed plan of allocation set by the Court was May 9, 2018.  No objections to the Plan of Allocation have been made by any party or Class member.  Upon due consideration of Timber Hill's motion, all of the papers, pleadings and files in this action, and all of the submissions and arguments presented at the Settlement Hearing, and good cause appearing therefor, the Court hereby GRANTS the motion.

NOW, THEREFOR, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.  This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (Doc. No. 99), filed on January 26, 2018, and the definitions in the Notice of Proposed Settlement and Motion for Attorneys' Fees and Expenses (the "Notice") disseminated to the Class.

2.  This Court finds that the terms and conditions of the Plan of Allocation, including, without limitation, the method for determining an Authorized Claimant's Recognized Loss and the method for calculating *pro rata* distributions, all of which are set forth in the Notice provided to the Class, are a fair, reasonable, and adequate basis upon which to allocate the Net Settlement Fund among Authorized Claimants.

3.  The sum of an Authorized Claimant's loss amounts (as set forth in the Notice to the Class) will be the Authorized Claimant's "Recognized Claim."  The Claims Administrator shall use an Authorized Claimant's Recognized Claim to calculate the Claimant's *pro rata* share of the Net Settlement Fund.  If the sum total of Recognized Claims of all Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the authorized Claimant's Recognized Claim divided by the total of

1    Recognized Claims of all Authorized Claimants, multiplied by the total

2    amount in the Net Settlement Fund.

3    4.   Distribution to Authorized Claimants will be made after all claims have

4    been processed and after the Court has approved the Claims

5    Administrator's administrative determinations.  If there is any balance

6    remaining in the Net Settlement Fund after six months from the date of

7    initial distribution of the Net Settlement Fund (whether by reason of tax

8    refunds, uncashed checks or otherwise), the Claims Administrator, in

9    consultation with plaintiff's counsel, shall, if feasible and economical,

10   reallocate such balance among Authorized Claimants who have cashed

11   their checks in an equitable and economic fashion.  Any balance that still

12   remains in the Net Settlement Fund, after the distribution and additional

13   distribution of the Net Settlement Fund, shall be contributed to non-

14   sectarian, not-for-profit charitable organizations serving the public interest,

15   and reasonably related to the goals of the action, as designated by Timber

16   Hill and approved by the Court, or may, without further order of the Court,

17   be escheated pursuant to appropriate unclaimed property law.

18   5.   The Court hereby retains continuing jurisdiction over the Settlement Fund

19   for purposes of effectuating this Order.

20   IT IS SO ORDERED.

21

22   Dated:   August 13 , 2018

23

24   _____

David O. Carter

25   UNITED STATES DISTRICT JUDGE

26

27

28

5776560v1/015666