JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN RE ALLERGAN, INC. PROXY VIOLATION DERIVATIVES LITIGATION | Case No. 2:17-cv-04776 DOC (KESx) <br> The Hon. David O. Carter <br> <u>CLASS ACTION</u> <br> **FINAL ORDER AND JUDGMENT RE FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

| 1  | Plaintiff Timber Hill, LLC ("Timber Hill") on behalf of itself and the Class, |
| 2  | on the one hand, and defendants Pershing Square Capital Management, L.P., PS |
| 3  | Management GP, LLC, William Ackman, PS Fund 1, LLC, Pershing Square, L.P., |
| 4  | Pershing Square II, L.P., Pershing Square GP, LLC, Pershing Square Holdings, Ltd., |
| 5  | Pershing Square International, Ltd., Michael Pearson, Valeant Pharmaceuticals |
| 6  | International, and Valeant Pharmaceuticals International, Inc. ("Defendants"), on the |
| 7  | other hand, entered into a Stipulation and Agreement of Settlement (the |
| 8  | "Stipulation") in the above-entitled litigation (the "Action"), filed in the Action on |
| 9  | January 26, 2018. Doc. No. 99.

Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered on March 19, 2018 (the "Preliminary Approval Order"), the Court scheduled a hearing for May 30, 2018, at 7:30 a.m. (the "Settlement Hearing") to determine: whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether the proposed plan of Allocation should be approved as fair and reasonable; whether the Judgment should be entered and whether any applications for attorneys' fees and expenses should be approved. By order of the Court, the Settlement Hearing was continued to June 12, 2018 at 3:00 p.m.

A. The Court ordered that the Notice of Proposed Settlement and Motion for Attorneys' Fees and Expenses (the "Notice"), the Summary Publication Notice of Proposed Settlement of Class Action and Final Settlement Hearing ("Summary Notice") and a Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached to the Preliminary Approval Order as Exhibits A-1 to A-3, be mailed and distributed in accordance with paragraph 7 of the Preliminary Approval Order. As directed, the Notice advised potential Class Members of the date, time, place, and purpose of the Settlement Hearing. Updated information regarding the

1

continuance of the Settlement Hearing was provided by the Court-Appointed Claims Administrator on the dedicated website which was established as a part of the notice program. The Notice further advised that any objection to the Settlement was required to be filed with the Court and served on counsel for the Settling Parties such that it would be received by May 9, 2018.

B. The provisions of the Preliminary Approval Order as to notice were fully complied with and notice to the Class was given in the manner required by the Court.

C. The Settlement Hearing was duly held before this Court on June 12, 2018, at which time all interested Persons were afforded the opportunity to be heard.

D. This Court has duly considered Timber Hill's motion, all papers and evidence submitted in connection therewith, the Stipulation, and all of the submissions and arguments presented at the Settlement Hearing with respect to the proposed Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Final Order and Judgment ("Judgment") incorporates by reference the definitions in the Stipulation, and all capitalized terms used in this Judgment that are not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all Settling Parties and all members of the Class.

3. The notification provided for and given to the Class: (i) was in full compliance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise the Class of the terms of Settlement, of the proposed Plan of Allocation, of Class Counsel's application for an award of attorney's fees, costs and expenses incurred in connection with the Action, of Class members' right either to

2

request exclusion from the Class or to object to the Settlement, the Plan of Allocation, or Class Counsel's application for an award of attorneys' fees, costs and expenses, and application for an award of expenses to Class Plaintiff, and of the right of Class Members to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) fully satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause of the Fifth Amendment to the Constitution), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and all other applicable law and rules.

4. No objections to the Settlement have been made by any party or Class member.

5. In light of the substantial benefits provided to the Class by the settlement, the complexity, expense and possible duration of further litigation of the Action, including any possible appeals, the risks of establishing liability and damages, and the costs of continued litigation, the Court hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects, and finds that the Settlement is in all respects fair, reasonable and adequate, and in the best interests of Timber Hill, the Class, and the Class members. This Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations conducted under the supervision of a neutral mediator by highly experienced counsel representing the interests of their respective Settling Parties.

6. Class Plaintiff's class action complaint, filed on June 28, 2017, is hereby dismissed in its entirety, with prejudice, and without costs to any Settling Party, except as otherwise provided in the Stipulation.

5771767v1/015666

7. The Court further finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

8. Upon the Effective Date, Timber Hill and each and every other Class Member on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims as against each and every one of the Defendants' Released Parties and shall forever be barred, enjoined and restrained from commencing, instituting, prosecuting or maintaining any and all of the Released Claims against any and all of the Defendants' Released Parties.

9. Upon the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Defendants' Released Claims as against each and every one of the Plaintiff's Released Parties and shall forever be barred, enjoined and restrained from commencing, instituting, prosecuting or maintaining any and all of the Defendants' Released Claims against any and all of the Plaintiff's Released Parties.

10. Each Class Member, whether or not such Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims set forth above.

11. This Judgment and the Stipulation, whether or not this Judgment becomes Final, and any discussions, negotiations, proceedings, agreements or other papers relating to the Stipulation, the Settlement, and any matters arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Settling Parties, or

4

their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

  (a.) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Timber Hill and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including, but not limited to, the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any Person whatsoever;

  (b.) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Defendants, or against or to the prejudice of plaintiff or any other members of the Class as evidence of any infirmity in the claims of plaintiff or the other Members of the Class;

  (c.) do not constitute, and shall not be offered or received against or to the prejudice of Defendants, plaintiff, any other Class Member, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, plaintiff, other Class Members, or their respective counsel, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement;

  (d.) do not constitute, and shall not be construed against Defendants, plaintiff, or any other Class Member, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

5

(e.) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against plaintiff or any other Class Members that any of their claims are without merit or infirm or that damages recoverable under the complaint would not have exceeded the Settlement Amount.

12. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

13. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, with the exception of paragraph 11 which shall remain in full force and effect; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15. The Settling Parties are hereby directed to consummate the Stipulation and to perform its terms.

16. A separate order shall be entered regarding Class Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate and apart from the Stipulation and this Judgment.

17. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Stipulation and Settlement; (ii) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) hearing and determining applications

for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Settling Parties for the purpose of construing, enforcing and administering the Stipulation, Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

18. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

19. The charges of the Claims Administrator for class notice and claims administration services and expenses to be deducted from the Settlement Fund shall not exceed $200,000.

IT IS SO ORDERED.

Dated: August 13, 2018

*David O. Carter* (signature)
David O. Carter
UNITED STATES DISTRICT JUDGE

5771767v1/015666